## SMALL et al. v. HOPKINS.

Court of Appeals of Kentucky.
Oct. 19, 1951.
Rehearing Denied Feb. 15, 1952.

J. C. Cantrell, Huddy, for appellants.

Kenneth A. Howe, Francis M. Burke, Pikeville, for appellee.

CLAY, Commissioner.

Appellee, a building contractor, brought this suit to recover $1143 for work performed and material furnished under an oral agreement. Appellants counterclaimed on the ground the job had been unsatisfactory. The case was transferred to equity and appellee was awarded the full amount prayed.

Two principal matters are in dispute: (1) the terms of the oral agreement; and (2) the condition of appellants' premises after the work was performed.

Appellee testified appellants agreed to pay him $900 for raising the latters' dwelling house 16 inches, pouring a concrete basement floor, and installing concrete blocks and asbestos shingles. Extra work was to be additionally charged for.

Appellants' version of the contract was not substantially different except in one

vital particular. This was that the purpose of the undertaking was to furnish appellants a dry basement. Appellee on cross-examination was asked the following question and made the following reply:

"Wasn't the purpose for pouring this concrete in the basement to fix the basement floor so it would be dry," (?)

"Well, I dont know what his purpose was, I suppose it was."

We think the proof very clearly establishes that appellants were primarily interested in correcting a recurring wet condition in their basement, and this was the principal job undertaken by appellee. Raising the house was a part of it. We cannot bring ourselves to believe, as appellee would have us do, that appellants were willing to pay $900 simply to breathe the rarefied atmosphere 16 inches higher above the ground or to have the pleasure of walking on a fresh batch of concrete in the basement. The evidence at least establishes that appellee agreed to make a substantial improvement in the condition of the basement.

There is proof appellee failed in several respects to perform his contract. He did not lay a suitable concrete floor. Instead of breaking up the old concrete or removing it, he simply poured new concrete on a tarpaper covering. Qualified witnesses testified, and it is practically admitted by appellee, that this is not a workmanlike manner in which to lay a new floor. The expected result, and the one shown in this case, is that the new concrete will crack in the same places as the old. Due to this fact and the failure to install a proper drain, the wet condition of the basement was not materially changed.

Appellee attempts to explain the deficiencies in his work on the ground that he was following the suggestions of appellants. This excuse cannot be accepted, as he was an experienced building contractor and the least he undertook to do was a workmanlike job. He did not secure the results clearly contemplated by the parties, and yet he demands the full contract price.

In our opinion appellee failed to perform substantially the contract for which appellants agreed to pay $900. On the other hand, we think the Chancellor was justified in allowing appellee recovery of the amount claimed for the extra work performed by him. In addition, appellants realized some benefit from the raising of the house, which provided more head room in the basement and will make it easier eventually to alleviate its wet condition. Since this action is in a court of equity, it is our conclusion that the fair and equitable solution of the controversy is to permit appellee to retain the $200 already paid him on the $900 contract price, and to allow his full claim for the extras. He may not recover the balance of $700 due on the contract price, and the judgment should be reduced in that amount.

The judgment is reversed for the entry of one consistent with this opinion.